**HOEFER & ARNETT, INC., Bob L. Arnett, and Murray G. Bodine, on behalf of themselves and others similarly situated**

v.

**The LEHIGH PRESS, INC., LP Holding Corp., LP Acquisition Corp., John D. DePaul, Robert H. Downie, William O. Krenkler, William A. Pistell, George L. Shinn, William J. Tribe, Joan Manley and Gordon B. Mackenzie.**

**Civ. A. No. 86–7016.**

United States District Court,
E.D. Pennsylvania.

Aug. 25, 1988.

Allen D. Black, Edward B. Rock, Fine, Kaplan and Black, Philadelphia, Pa., for plaintiffs.

Wilbur L. Kipnes, Irving R. Segal, Jeffrey W. Golan, Schnader, Harrison, Segal & Lewis, James G. Rosenberg, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendants.

## ORDER AND JUDGMENT WITH RESPECT TO AWARD OF COUNSEL FEES AND COSTS

GAWTHROP, District Judge.

1. The plaintiffs have entered into an Agreement of Settlement with all defendants. The Agreement was initially approved by the Court on May 19, 1988. The Agreement was finally approved by Order of the Court on August 1, 1988.

2. In accordance with this Court's Order filed June 1, 1988 and pursuant to Fed.R.Civ. P. 23(e), notice was given to the members of the Class of a hearing on July 28, 1988, to consider applications for allowance of fees and expenses, as well as a proposed plan of distribution and the proposed approval of the settlement.

3. The notice informed class members of counsel's intention to seek counsel fees in an amount not to exceed 25% of the settlement fund of 4,000,000.00 plus interest, and to apply for the reimbursement of costs and expenses estimated to be approximately $300,000, and afforded class members the opportunity to object. The deadline for objection was July 15, 1988. No objections to either the settlement or the fee application were received.

4. A Petition for Counsel Fees and Reimbursement of Costs Disbursements, dated July 1, 1988, and affidavits in support thereof, were filed on behalf of all attorneys representing the class. The Petition requests an award of counsel fees to all counsel in the total amount of $1,000,000.00, representing approximately 24% of the total settlement fund, including interest, and reimbursement of cost disbursements by counsel in the amount of $295,762.97, including fees and expenses of $200,000 owed to Alan R. Hoefer for his services as an investment banker, expert witness and adviser to the Class.

5. All interested persons were given an opportunity to be heard with respect to the Petition at a hearing on July 28, 1988. No

one objected to the Petition at such hearing.[1]

6. This Court has carefully considered the Petition which is filed jointly on behalf of the following law firms that conducted and concluded the litigation successfully on behalf of the class:

I. Fine, Kaplan & Black

II. Eugene A. Spector & Associates, P.C.

III. Garwin, Bronzaft, Gerstein & Fisher[2]

7. Petitioners spent 2688.75 hours[3] prosecuting this case to a successful conclusion. Included in these hours are 2509.25 hours of attorney time and 179.50 hours of paralegal time. The value of this time, as set forth in the Petition, is $481,217.50 at historical hourly rates charged in entirely noncontingent cases, where counsel bear none of the risk and are paid on a current basis.

8. Counsel's time has been devoted to the investigation of the potential claim; preparation of the class action complaint; preparation of the motion for class determination and response to defendants' opposition, including extensive negotiation and briefing; preparation for several preliminary injunction proceedings; preparation of discovery demands and non-party subpoenas; review and analysis of written responses to discovery; negotiation of discovery disputes, and, where necessary, the preparation and pursuit of motions to compel discovery; preparation for and taking of approximately 16 depositions; preparation for trial of the action against all defendants; negotiation, drafting and administration of the settlement; presentation of those settlements to the Court, and preparation and implementation of notice to the class. The recovery of $4 million, including interest, would not have occurred without the efforts of counsel.

9. The Petition, including the affidavits in support thereof, sets forth in detail the time expended, the work accomplished, and

1. The absence of objection is a relevant factor in considering a petition for attorneys' fees and expenses. *Sherin v. Smith,* Civ. No. 86–3652 (E.D.Pa.1987) [available on WESTLAW, 1987 WL 18851].

2. Garwin, Bronzaft, Gerstein and Fisher acted as counsel for the plaintiffs in the state court litigation captioned *Harry Lewis v. John DePaul,*

*et al.,* (Philadelphia Court of Common Pleas, Nov. Term 1986, No. 4760), which was consolidated with the above captioned class action for discovery, and which was settled in conjunction with the settlement of this case.

3. The total hours reflect the work from the three firms as follows:

Firm: Fine, Kaplan and Black

| Attorney | Total Hours | Hourly Rate | Value |
|---|---|---|---|
| Allen D. Black | 721.00 | $235 | $169,435.00 |
| Aaron M. Fine | 8.00 | 225 | 1,800.00 |
| Edward B. Rock | 949.50 | 150 | 142,425.00 |
| Donald L. Perelman | 16.25 | 150 | 2,437.50 |
| Sarah Barringer Gordon | 273.25 | 85 | 23,226.25 |
| Paralegal | | | |
| Nancy M. Blakeslee | 179.50 | 55 | 9,872.50 |
| SUBTOTAL | 2,147.50 | | $349,196.25 |

Firm: Eugene A. Spector & Associates, P.C.

| Attorney | Total Hours | Hourly Rate | Value |
|---|---|---|---|
| Eugene A. Spector | 260.25 | $250 | $65,062.50 |
| John F. Innelli | 78.00 | 185 | 14,430.00 |
| Arthur M. Rosenbaum | 7.75 | 165 | 1,278.75 |
| SUB TOTAL | 346.00 | | $80,771.25 |

Firm: Garwin, Bronzaft, Gerstein & Fisher

| Attorney | Total Hours | Hourly Rate | Value |
|---|---|---|---|
| Bertram Bronzaft | 150.50 | $270 | $40,635.00 |
| Bruce E. Gerstein | 35.75 | 250 | 8,937.50 |
| Scott W. Fisher | 8.50 | 190 | 1,615.00 |
| Ellen G. Makofsky | .50 | 125 | 62.50 |
| SUB TOTAL | 195.25 | | $51,250.00 |
| TOTAL | 2,688.75 | | $481,217.50 |

counsel's hourly rates charged in non-contingent cases.

10. The Court finds that the time expended and the hourly rates reflected in the Petition are fair and reasonable.

11. The fees requested were entirely contingent on success. The Petitioners undertook the representation of the class in this action which presented complex factual and legal issues. The extent of defendants' liability was not clear, there was no preceding governmental investigation, and the amount of damage was uncertain and difficult to prove.

12. Petitioners together risked enormous time and effort, including the time and effort of numerous lawyers and paralegals, and advanced very substantial costs with no ultimate guaranty of compensation. In addition, all fees and reimbursement of expenses were deferred until the outcome of the litigation, rather than paid currently as in non-contingent litigation. There was consequently a significant loss of value by reason of delay and inflation, as well as significant risk.

13. The recovery obtained for the class consists of a settlement fund of $4 million, including interest to date, representing a price of $48 per share of stock, $7.50 per share above the initial bid, $7.75 per share above the historic high for the stock, and approximately $16 per share, or 50%, above the market price for the stock immediately before the initial offer. The result is excellent in relation to the contingencies and risks of this lawsuit.

14. Taking all this into consideration, the Court finds that Petitioners have justified and deserve a fee of $1,000,000.00.

15. The Court, upon consideration of the entire record in this case, finds the allowance of counsel fees, as set forth in the above paragraph, to be fair and reasonable compensation for the value of the services rendered. *See, e.g., Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3d Cir.1976) (Lindy II); *Merola v. Atlantic Richfield Co.,* 493 F.2d 292 (3d Cir.1974) (Merola II); *Lindy Bros. Builders, Inc. v.*

*American Radiator & Standard Corp.,* 487 F.2d 161 (3d Cir.1973) (Lindy I).

16. Petitioners have also incurred costs in the total amount of $295,762.97, as set forth in paragraph 4 above. The Court finds these costs to be necessary, reasonable and proper, and that counsel are entitled to an award of these costs. The Court further finds that the fee of $200,000 for investment banking advisory and valuation services, litigation consulting services, and expert witness services by Alan R. Hoefer were necessary, reasonable and proper, in light of his experience, the services he provided and the customary fees charged by investment bankers for such services.

## IT IS THEREFORE ORDERED AND DECREED THAT:

A. Petitioners are hereby awarded a fee of $1,000,000;

B. Petitioners are also hereby awarded reimbursement of costs incurred in the amount of $295,762.97;

C. The fees and costs awarded by this Order are to be paid to the law firm of Fine, Kaplan and Black as trustee, on behalf of all of the Petitioners;

D. The fees and reimbursement as set forth in subparagraphs A and B above of this Order, shall be paid from the settlement fund 10 days after this Order becomes final, either by affirmance on appeal, dismissal of any appeal filed, or expiration of the period for appeal without any appeal having been filed. In the event of an appeal from this Order, the fees and reimbursement shall bear interest, beginning 10 days from the entry of this Order, at the same rate as the settlement funds.

E. This Order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.